[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant, Frankie Harr, was convicted on his pleas of guilty to two counts of rape. He was subsequently sentenced to serve two concurrent terms of incarceration of from seven to twenty-five years. Harr filed no direct appeal. He filed a motion for delayed appeal, which this court denied.
Harr filed a timely petition for post-conviction relief pursuant to R.C. 2953.21 on September 30, 1999. Two grounds for relief were presented. The first was a claim that Harr's attorney had told him, in the presence of family members, that he would be sentenced to only six to eight years. The second ground for relief was that Harr's attorney failed to interview witnesses whom Harr had asked him to speak with.
Harr supported his petition with the affidavit of his brother, Mike McCreary, Jr. The affidavit contains no statement or information concerning any sentence that Harr was promised. The affidavit does state that McCreary was not called to testify concerning his own experience with the alleged victim of the rapes of which Harr was convicted. McCreary states that the alleged victim had "come onto me."
The State moved for summary judgment on Harr's petition. The trial court granted the State's motion on a finding that the grounds for relief that Harr presented lacked the evidentiary support that R.C. 2953.21 requires.
Harr filed a timely notice of appeal. His pro se brief states, in its entirety:
 That the Judge, broke a agreement, we had made regarding a plea bargen. The Judge, denied me of my witnesses being hearded on transcript, I tried to fire my lawyer and withdraw my plea of guilty, because my lawyer would not talk to my witnesses, or listen to me at all, He never ask me anything about my case period. He came to my saying they was making me a deal, that I would only do 6 to 8 years and at the most I would do was 4 years. I even told my lawyer, that the statement they showed me was not mine, they forge it.
When it granted the State's motion for summary judgment, the trial court denied the claims for relief that Harr's petition alleged without holding a hearing. Pursuant to division (C) of R.C. 2953.21, the court may proceed on that basis when substantive grounds for relief are not presented by the petition. In order for substantive grounds for relief to be presented, the evidentiary materials submitted in support of the petition must exemplify the facts the petition alleges in support of the claims for relief it makes.
Here, the substance of the affidavit that Harr presented in support of his petition, even when the statements it contains are construed most strongly in Harr's favor, fails to exemplify the facts Harr alleged in his petition. The affidavit says nothing concerning the alleged promise of a lesser sentence. Further, the affiant's own experiences with the victim of the rapes alleged were not only irrelevant to the charges against Harr but, to the extent that they involve opinion or reputation evidence concerning the victim's sexual activity, were inadmissible pursuant to R.C.2907.02(D) in Harr's prosecution for rape.
The error that Harr assigns is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.